UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NIGEL MARLIN REID, Sr.          )
                                )
v.                              )          NO. 2:08-CV-110
                                )          *Greer/Inman*
KATHEY TRENT MULLINS and        )
HAMBLEN COUNTY GOVERNMENT        )


### MEMORANDUM and ORDER

Nigel Marlin Reid, Sr., a former prisoner in the Hamblen County and Jefferson County jails, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983 against Kathey Trent Mullins, the Hamblen County Circuit Court and Sessions Court Clerk, and the Hamblen County Government [i.e., Hamblen County, Tennessee]. Plaintiff seeks damages of $500,000.00 against the defendant Mullins and $10,000,000.00 against the county itself. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

### I. Screening the Complaint.

In the complaint, plaintiff alleges that defendants subjected him to discrimination during his mayoral campaign in Morristown, Tennessee, causing him mental anguish and loss of unidentified business. Cases filed *in forma pauperis*, such as this one, must be screened under 28 U.S.C. § 1915(e)(2) to determine whether they state a claim entitling a plaintiff to relief or whether they are frivolous or malicious or seek monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

The Court has concluded that, based upon the following law and analysis, this case should be dismissed.

## II. **Background**.

According to the pleading, on April 17, 2007, plaintiff was arrested, taken to the Hamblen County jail, placed under a $50,000 bond, and then transferred to the Jefferson County jail. The next day, he was informed by Jefferson County officers that his bond had been revoked without judicial approval. Election day arrived on May 5, 2007 and, because plaintiff was not released to campaign for the mayoral office, he lost the race. Plaintiff's theories of liability are that: (1) defendant Mullins gave him bond; (2) he was in custody of the Hamblen County Sheriff's Department; and (3) Hamblen County, Tennessee is responsible for his political loss, his "catitive" [captivity?], his loss of freedom, and his loss of business.

## III. **Discussion**

*A. Bond Revocation.*

Plaintiff has made contradictory allegations as to the identity of the official who revoked his bond. In the complaint [Doc. 3], plaintiff contends that Jefferson County law enforcement personnel informed him that Court Clerk Mullins revoked his bond, whereas, in his later-filed motion for discovery, [Doc. 7], he identifies Judge John Dugger as the individual who personally signed the order of revocation. Presumably, Judge Dugger presided over the state criminal proceedings involving plaintiff.

Be that as it may, a judge performing his judicial functions enjoys absolute immunity from lawsuits for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam);

*Mann v. Conlin*, 22 F.3d 100, 103, (6th Cir. 1994). Presiding over criminal cases, including entering orders of revocation of a bail bond, lies within the scope of a judicial officer's jurisdiction. "Moreover, absolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* Setting a bail bond is an activity integral to the judicial process so that the a court clerk who engages in that quasi-judicial activity enjoys absolute immunity from damages. *See White v. Gerbitz,* 892 F.2d 457, 464 (6th Cir. 1989). ("Finally, even if [the clerk's] conduct somehow proximately caused [plaintiff's] alleged constitutional injury, setting bail is a quasi-judicial activity. Accordingly, [the clerk] would be entitled to absolute immunity in this action.") (citing *Denman v. Leedy,* 479 F.2d 1097 (6th Cir. 1973)).

B. *The County Defendant*.

The Hamblen County Government, according to plaintiff, is responsible for his defeat in the mayoral contest and his losses of freedom and business. First of all, there is no factual nexus between this defendant and the revocation of plaintiff's bail bond or alleged misdeeds in his political life or business dealings. Allegations which lack the necessary factual support are conclusory. A court is not required to conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Conclusory contentions such as these do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Secondly, a municipal defendant, like Hamblen County, Tennessee, cannot be held liable for the acts of its employees under the theory of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). To prevail against this defendant, plaintiff must establish that a policy, custom, or practice of Hamblen County has resulted in the deprivation of his constitutionally-protected rights. *Id.* at 690-91. Because plaintiff has not alleged that the revocation of his bond resulted from this defendant's policy, custom, or practice, he has failed to state a claim against Hamblen County.

C. *Discrimination*.

There are no allegations of fact whatsoever to support plaintiff's claim of discrimination. In the absence of any factual development, plaintiff fails to state a claim for relief under § 1983.

## IV. Conclusion

Accordingly, for all the above reasons, the Court has determined that plaintiff's complaint fails to state a claim entitling him to relief and that a sua sponte dismissal is the appropriate disposition of this lawsuit. All pending motions are **DENIED** as **MOOT**.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4